UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
CECILIA LAIT,                              :
                                           :    Case No. 1:17-CV-516
          Plaintiff,                       :
                                           :
     v.                                    :    OPINION & ORDER
                                           :    [Resolving Doc. 12]
FIRST FEDERAL CREDIT CONTROL,              :
INC.,                                      :
                                           :
          Defendant.                       :
                                           :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On March 3, 2017, Plaintiff Cecilia Lait filed a Fair Debt Collection Practices Act ("FDCPA") claim against Defendant First Federal Credit Control, Inc. ("FFCC").[1] In her complaint, Lait alleges that First Federal did not adequately provide her with the name of her creditor, as required by 15 U.S.C. § 1692g(a)(2).

On June 16, 2017, Defendant filed a motion for summary judgment.[2] For the reasons below, the Court **DENIES** the Defendant's motion for summary judgment.

## I. Background

Defendant First Federal is a debt collector operating out of Cleveland, Ohio. On March 14, 2016, First Federal sent Plaintiff Lait a dunning letter.[3] FFCC sent the letter to Enterprise, Alabama, where Plaintiff Lait resided near the state line dividing Alabama and Florida. The letter

---

[1] Doc. 1. Defendant answered. Doc. 4.
[2] Doc. 12. Plaintiff opposes. Doc. 19. Defendant replies. Doc. 21.
[3] A dunning letter is a notification sent to a customer, letting them know that a debt owed to the sender is overdue.

mentioned three locations, Cleveland, Ohio; Enterprise, Alabama; and a "North Carolina Permit Number."[4]

Along with the amount of the debt, an account number, and several other statutorily mandated disclosures, FFCC listed "Physician Associates" as the creditor on this dunning letter. In fact, the full name of Plaintiff Lait's creditor is "Physician Associates, LLC." Physician Associates, LLC is a Florida-based medical services provider.

On March 13, 2017, Plaintiff Lait filed a complaint alleging that by listing "Physician Associates" as her creditor instead of "Physician Associates, LLC," First Federal violated the FDCPA's requirement that a debt collector inform a creditor of her creditor's name.[5] Defendant First Federal then moved for summary judgment.[6]

## II. Legal Standard

Under Federal Rule of Civil Procedure 56, "[s]ummary judgment is proper when 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"[7] The moving party must first demonstrate that there is an absence of a genuine dispute as to a material fact entitling it to judgment.[8] Once the moving party has done so, the non-moving party must set forth specific facts in the record—not its allegations or denials in pleadings—showing a triable issue.[9] The existence of some doubt as to the material facts is insufficient to defeat a motion for summary judgment.[10] But the Court views the facts and all reasonable inferences from those facts in favor of the non-moving party.[11]

---

[4] *See* Doc. 1-1.
[5] Doc. 1.
[6] Doc. 12.
[7] *Killion v. KeHE Distribs., LLC*, 761 F.3d 574, 580 (6th Cir. 2014) (quoting Fed. R. Civ. P. 56(a)).
[8] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[9] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).
[10] *Id.* at 586.
[11] *Killion*, 761 F.3d at 580 (internal citations omitted).

### III. Discussion

The FDCPA requires a debt collector to provide a creditor with certain information within five days of initially contacting that creditor.[12] That information includes "the name of the creditor to whom the debt is owed."[13]

The sole issue in this summary judgment motion is whether FFCC violated this FDCPA requirement by identifying Plaintiff Lait's creditor as "Physician Associates" instead of "Physician Associates, LLC."

#### A. The Least-Sophisticated Consumer Standard

FDCPA is a remedial statute designed to "address the widespread and serious national problem of debt collection abuse by unscrupulous debt collectors."[14] The Sixth Circuit has noted that the FDCPA is "extraordinarily broad."[15] In order to effectuate the statute's remedial purpose, the Sixth Circuit evaluates whether a statement is misleading under the FDCPA through "an objective, 'least sophisticated-consumer' test."[16]

This "standard is lower than simply examining whether particular language would deceive or mislead a reasonable debtor."[17] Instead, it "is 'designed to protect consumers of below average sophistication or intelligence,' or those who are 'uninformed or naïve.'"[18] Nevertheless, this standard does not allow for "bizarre or idiosyncratic interpretations of collection notices" and presumes a consumer who has "a basic level of understanding and willingness to read with care."[19]

---

[12] *See* 15 U.S.C. § 1692g.
[13] *Id.* at § 1692g(a)(2).
[14] *Currier v. First Resolution Inv. Corp.*, 762 F. 3d 529, 533 (6th Cir. 2014).
[15] *Barany-Snyder v. Weiner*, 539 F.3d 327, 333 (6th Cir. 2008).
[16] *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 592 (6th Cir. 2009).
[17] *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222, 1227 (9th Cir. 1988).
[18] *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061-62 (9th Cir. 2011) (quoting *Duffy v. Landberg*, 215 F.3d 871, 874-75 (8th Cir. 2000)).
[19] *Barany-Snyder*, 539 F.3d at 333 (quoting *Kistner v. Law Offices of Michael P. Margelefsky, LLC.*, 518 F.3d 433, 438-39 (6th Cir.2008)).

Ultimately, the notice must "effectively convey" the required information to the least sophisticated consumer.[20] "The critical question is [...] whether the notice fails to convey the required information 'clearly and effectively and thereby makes the least sophisticated consumer uncertain' as to the meaning of the message."[21]

### B. "Physician Associates" Potential for Confusion

At first glance, the difference between "Physician Associates" and "Physician Associates, LLC" appears minimal. But, the seemingly minimal addition of "LLC" gains importance because the name "Physician Associates" is so common across the country. The potential to confuse the least-sophisticated consumer arises when taking into account the prevalence of that name in combination with the lack of other identifiable information for the creditor on the dunning letter FFCC sent.

For example, searching the Secretary of States' websites for "Physician Associates" in the states of Alabama,[22] Ohio,[23] and Florida,[24] brings up dozens of unrelated entities with variations on the name "Physician Associates." These variations include "Physicians Associates, Inc." in Alabama,[25] "Physician Associates of Kemper, Inc." in Ohio,[26] and "Physician Associates Group, Inc." in Florida.[27]

Other district courts have discussed the possibility for a debt collector to fail to inform a consumer about the name of her creditor.[28] For these courts, a material factual issue existed

---

[20] See Richeson v. Javitch, Block & Rathbone, LLP, 576 F. Supp. 2d 861, 865 (N.D. Ohio 2008).
[21] Id. (quoting DeSantis v. Computer Credit, Inc., 269 F.3d 159, 161 (2d Cir. 2001)).
[22] Alabama is Plaintiff's home state, and is where FFCC sent the letter.
[23] FFCC sent the dunning letter from here.
[24] Although not mentioned by the letter, this state is near Plaintiff's home and is where Plaintiff's creditor, Physician Associates, LLC, is actually located.
[25] See Doc. 19-1 at *2.
[26] See Doc. 19-2 at *2.
[27] See Doc. 19-3 at *2.
[28] See Amina v. WMC Mortg. Corp., 2011 WL 1869835, at *13 (D. Haw. May 16, 2011) (denying summary judgment when the dunning letter referred to the creditor simply as "CHASE"); Schneider v.

when the debt collector provided only a portion of the creditor's name and that portion could refer to numerous unrelated entities.[29]

Defendant FFCC argues that because some courts have allowed debt collectors to satisfy § 1692g(a)(2) by providing some portion of the creditor's name, they have satisfied the statute's requirements here.[30] But this argument misunderstands the relevant test. The issue is whether providing an incomplete name still manages to effectively convey the name of the creditor to the least sophisticated consumer *in this instance*.

Admittedly, providing "Citibank" instead of "Citibank USA, N.A.,"[31] or "American Express" instead of "American Express Centurion Bank"[32] might not confuse even the least sophisticated consumer. In part, that is because those other cases dealt with multiple entities that existed under the same corporate umbrella.[33] These holdings do not mean, however, that simply identifying a creditor as "Physician Associates" effectively conveys the name of the creditor when there are numerous entities using variations of that name across the country, and when the dunning letter does not provide any other identifying information about the creditor.

Because of this ambiguity, the Court decides that there is a dispute of material fact as to whether the creditor's name was effectively conveyed under the least sophisticated consumer standard. Therefore the Court cannot hold that Defendant FFCC satisfied § 1692g(a)(2) as a matter of law.

---

*TSYS Total Debt Mgmt., Inc.*, 2006 WL 1982499, at *4 (E.D. Wis. July 13, 2006) (denying a motion to dismiss for failure to state a claim when the dunning letter referred to the creditor only as "Target").
[29] *See Amina*, 2011 WL 1869835, at *13; *Schneider*, 2006 WL 1982499, at *4.
[30] *See Blarek v. Encore Receivable Management, Inc.*, 2007 WL 984096, at *7 (E.D. Wis. Mar. 27, 2007) (noting that "it is reasonable to infer that any legitimate name under which the creditor operates could qualify as naming the creditor as required in § 1692g(a)(2)" including "a commonly used acronym").
[31] *See id.*
[32] *See Leonard v. Zwicker & Assoc., P.C.*, 2016 WL 7388645, at *3-4 (S.D. Fla. Dec. 14, 2016).
[33] *See, e.g., id.* (holding that "American Express" accurately identified an affiliate of American Express Company); *Campbell v. Am. Recovery Servs. Inc.,* 2016 WL 3219866, at *3 (C.D. Cal. June 8, 2016) (same).

Case No. 1:17CV516
Gwin, J.

## IV. Conclusion

For the reasons stated above, the Court **DENIES** Defendant's motion for summary judgment.

    IT IS SO ORDERED.

Dated: August 22, 2017             *s/     James S. Gwin*
                                                          JAMES S. GWIN
                                                          UNITED STATES DISTRICT JUDGE